IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALLAS BULLOCK,<br>          Petitioner,<br><br>v.<br><br>MS. NANCY GIROUX, THE DISTRICT ATTORNEY OF THE COUNTY OF: PHILADELPHIA, and, THE ATTORNEY GENERAL OF THE STATE OF: PENNSYLVANIA,<br>          Respondents. | CIVIL ACTION<br><br><br><br>NO. 13-5963 |

## MEMORANDUM OPINION

Petitioner Dallas Bullock seeks habeas relief under 28 U.S.C. § 2254. In 2001, Petitioner was convicted for murder in the first degree and a weapons-related charge and sentenced to life without parole. Petitioner filed a petition for habeas corpus in 2014, contending that relief was warranted under *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465.

Petitioner's briefing schedule was stayed in early 2014 because it was unclear at that time whether *Miller* applied retroactively. However, by 2016, the Supreme Court held that *Miller*'s prohibition on mandatory life without parole for juvenile offenders was retroactive on collateral review. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 735-36 (2016). In 2017, counsel was appointed for Petitioner.

At a status conference on November 21, 2017, counsel for Petitioner explained that his habeas application advanced four grounds of relief, all of which were premised upon *Miller*. But Petitioner was over 18 when he committed the relevant offenses which, both the District Attorney and counsel for Petitioner agreed, put him outside the aegis of *Miller*. Petitioner

himself nonetheless contended at the joint status conference that habeas relief was warranted under *Graham v. Florida*, 560 U.S. 48 (2010) and *Roper v. Simmons*, 543 U.S. 551 (2005).

Given that *Miller* creates a bright-line rule where a mandatory life without parole sentence is unconstitutional "for those under the age of 18 at the time of their crimes," *Miller*, 567 U.S. at 465, *Miller's* holding does not extend to Petitioner, who was either 19 or 20 when he committed the relevant crimes. Thus, Petitioner has not shown a "violation of the Constitution or laws or treaties of the United States" in support of his habeas application. 28 U.S.C. § 2254(a). His citation to *Graham* and *Roper* is unavailing in that they do not apply to his circumstances. *See Graham,* 560 U.S. at 67-75 (prohibiting imposition of life without parole sentence on *non-homicide* juvenile offenders); 543 U.S. at 558 (prohibiting capital punishment for juveniles).[1]

An appropriate order follows.

**BY THE COURT:**

**/s/ Wendy Beetlestone**
_____
**WENDY BEETLESTONE, J.**

---

[1] Further, even if this analysis did not dispose of the case, Petition has not exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Under the exhaustion requirement, Petitioner must have "fairly presented" the merits of his *Miller* claim to the state courts during "one complete round of the established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although Petitioner has filed for collateral relief in state court, he has not completed the appeal process by presenting his *Miller* claim to the Pennsylvania Superior Court. Thus, the *Miller* claim is unexhausted.